DECISION
Defendant-appellant, Jerry A. Golden, appeals from a judgment of the Franklin County Court of Common Pleas finding him to be a sexual predator under R.C. 2950.09. Defendant assigns a single error:
 THE EVIDENCE BEFORE THE COURT WAS LEGALLY INSUFFICIENT TO ESTABLISH THAT APPELLANT WAS A SEXUAL PREDATOR, SUBJECT TO THE LIFETIME REGISTRATION AND COMMUNITY NOTIFICATION PROVISIONS OF CHAPTER 2950 OF THE OHIO REVISED CODE. FURTHERMORE, SUCH A FINDING WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.
Because the evidence before the trial court was sufficient to establish that defendant is a sexual predator, we affirm the judgment of the trial court.
By indictment filed June 25, 1991, defendant was charged with four counts of rape in violation of R.C. 2907.02, aggravated felonies of the first degree. Defendant allegedly engaged in sexual conduct with Robert Ball, a child eleven years of age. Each count alleged defendant purposely compelled Ball to submit by force or threat of force.
Defendant failed to appear for his arraignment and subsequently was arrested in 1995. On April 2, 1996, defendant entered a guilty plea to one count of rape without allegations of force or threat of force; the state dismissed the remaining three counts.
On May 13, 1996, the trial court sentenced defendant to ten to twenty-five years. In support of its determination to impose the maximum sentence, the trial court noted the trauma to the victim as reflected in the victim impact statement that referenced special damages in the amount of $4,844.50 arising from counseling the victim received as a direct result of defendant's sexual conduct with the victim. Moreover, the trial court noted that (1) multiple offenses were charged, (2) the inducement for the victim was liquor, cigarettes, and drugs, and (3) defendant threatened harm to the victim if the victim told anyone about the sexual conduct.
By entry filed June 30, 2000, the court, pursuant to H.B. No. 180, scheduled a hearing to determine if defendant is a sexual predator under the provisions of R.C. 2950.09. The trial court conducted a hearing on September 6, at which the state offered five documents as evidence: the indictment charging defendant with four counts of rape, defendant's guilty plea taken and signed in April 1996, in which defendant pleaded guilty to one count of rape without force, the sentencing entry imposing a maximum sentence, the transcript of the guilty plea proceedings, and a transcript of the sentencing proceedings. Defendant in turn submitted certificates reflecting his participation in the prisoner's restitution organization, his successful completion of a victim's awareness course and interpersonal counseling, his participation in an adult assault offender's group, his successful completion of an anger management course, and his two hours of training on blood and body fluid cleanup.
The trial court took the evidence under advisement, and on September 29, 2000, rendered a decision finding defendant to be a sexual predator. In support, the trial court noted the multiple incidents, the victim's age, the use of alcohol and drugs, and defendant's use of threat of force. The court journalized an entry on October 2, 2000, consistent with its prior decision.
Defendant appeals, contending the trial court's finding defendant to be a sexual predator is not supported by sufficient evidence and is against the manifest weight of the evidence.
To the extent defendant challenges his conviction as not supported by sufficient evidence, we construe the evidence in favor of the prosecution and determine whether such evidence permits any rational trier of fact to find the essential elements of the offense beyond a reasonable doubt. State v. Jenks (1991), 61 Ohio St.3d 259; State v. Conley (Dec. 16, 1993), Franklin App. No. 93AP-387, unreported.
When presented with a manifest weight argument, we engage in a limited weighing of the evidence to determine whether the factfinder's verdict is supported by sufficient competent, credible evidence to permit reasonable minds to find defendant to be a sexual predator by clear and convincing evidence. See State v. Thompkins (1997), 78 Ohio St.3d 380 ("When a court of appeals reverses a judgment of a trial court on the basis that the verdict is against the weight of the evidence, the appellate court sits as a `thirteenth juror' and disagrees with the factfinder's resolution of the conflicting evidence"). Conley, supra. Determinations of credibility and weight of the testimony remain within the province of the trier of fact. State v. DeHass (1967), 10 Ohio St.2d 230.
R.C. 2950.01(E) defines a "sexual predator" as a "person who has been convicted of or pleaded guilty to committing a sexually oriented offense and is likely to engage in the future in one or more sexually oriented offenses." While the parties do not dispute that defendant committed a sexually oriented offense, defendant contends that under the factors set forth in R.C. 2950.09(B)(2), defendant lacks sufficient indicia of recidivism to conclude that he is a sexual predator by clear and convincing evidence.
R.C. 2950.09(B)(2) states the trial court should consider all relevant factors, including those specified in R.C. 2950.09(B)(2)(a) through (j) in determining a defendant's likelihood to re-offend. Here, the evidence the prosecution submitted implicates several factors under R.C.2950.09(B)(2). Specifically, at the times of the offenses, defendant was approximately twenty-eight years of age, or old enough to recognize the societal ban on conduct he was undertaking. R.C. 2950.09(B)(2)(a). The victim was only eleven years of age. R.C. 2950.09(B)(2)(c). Although the offenses did not involve multiple victims, R.C. 2950.09(B)(2)(d), the indictment alleged multiple counts of rape with the same victim.
While defendant denied it, the victim stated defendant took him to King's Island, "purchased liquor and cigarettes for him, gave him drugs, and this activity continued to occur." (Tr. 7-8.) Cf. R.C.2950.09(B)(2)(e). According to the statement of facts, the sexual conduct between defendant and the victim extended over a ten-month period during which defendant forced the victim to perform fellatio on him on numerous occasions, with defendant also performing the same act on the victim. R.C. 2950.09(B)(2)(h). Indeed, according to that statement, defendant admitted he and the victim had performed fellatio on each other: "He indicated that the activity had occurred maybe more than once, but not more than four times." (Tr. 8.) Lastly, the victim stated defendant threatened to hurt him if the victim told anyone about the activity. R.C. 2950.09(B)(2)(i).
Given those factors, the trial court had sufficient evidence to find by clear and convincing evidence that defendant is a sexual predator. While defendant on appeal contends he entered a plea pursuant to California v. Alford (1970), 400 U.S. 25 to the single count of rape for which he was sentenced, the written guilty plea defendant submitted does not so indicate; to the contrary, it states the plea entered constituted an admission of guilt. Moreover, although the trial court raised the issue of an Alford plea during the guilty plea proceedings, neither defendant nor counsel indicated defendant was entering an Alford plea despite defendant's denying in the courtroom that he committed the offense.
Defendant's completion of the various programs reflected by the certificates admitted into evidence at the sexual predator hearing is commendable. They, however, do not render the trial court's determination against the manifest weight of the evidence. With the evidence the trial court had before it, the trial court could find by clear and convincing evidence that defendant is a sexual predator.
Accordingly, defendant's single assignment of error is overruled and the judgment of the trial court is affirmed.
 _________________________ BRYANT, P.J.
DESHLER and PETREE, JJ., concur.